CHARLES Z. POND, as Executor for SUSAN J. CLARK, Deceased, Respondent *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY and the MANHATTAN RAILWAY COMPANY, Appellants.

*Easement of light from a street — right of an abutting owner to recover damages for an interference with it — when one erecting and leasing an elevated road is liable for damages occasioned by the running of trains by the lessee of the road.*

This action was brought to recover damages for injuries occasioned to a four-story brick building belonging to the plaintiff, situated on the corner of McDougal and West Third street, in the city of New York, by the construction of an elevated road in West Third street by the defendant, the Metropolitan Elevated Railway Company, and by the operation of the same by the defendant, the Manhattan Railway Company, to whom it was leased in 1879.

*Held*, that although the plaintiff did not own the fee of the street he had an easement of light therefrom, which entitled him to maintain an action to recover the damages occasioned by any interference with, or interruption of the passage of the light from the street to his property.

*Story* v. *New York Elevated Railroad Company* (90 N. Y., 122) followed.

That in determining the amount of the damages the operation of the road as an entirety must be considered, and that as the running of the trains constitutes an essential part of the operation of the road any interruption of light thereby occasioned was to be considered as arising from the structure and its uses, and as forming a part of the disturbing cause.

That the fact that the defendant, the Metropolitan Railway, did not, after May 20, 1879, use the structure which it had leased to the defendant, the Manhattan Railway Company, did not prevent a judgment from being given against both defendants, as the first company, erecting the structure, by leasing it, when equipped for use, to the other defendant, continued the wrong complained of.

JOINT appeal by both defendants, from a judgment entered in favor of the plaintiff upon the findings and opinion of Mr. Justice BARRETT, after a trial had at the New York circuit without a jury.

This action was brought to recover damages to the property of the plaintiff's testatrix, alleged to have been occasioned by the acts of the defendants.

Susan J. Clark, the plaintiff's testatrix, owned the premises No. 136 MacDougal street, a four-story brick dwelling-house, fronting twenty feet on MacDougal, and with its whole length, fifty-eight feet, lying along West Third (more commonly called Amity) street. This street was laid out in 1823, pursuant to the general street opening act of 1813, and plaintiff's predecessor in title, Ireland, paid an assessment for such opening. In front of these premises on West Third street the defendant, the Metropolitan Elevated Railway Company, in 1876, built the present structure, and in 1878 commenced running trains thereon past the windows of this house, and in 1879 leased its property to the Manhattan Railway Company, which was operating it at the time this action was begun by Mrs. Clark in November, 1883. This structure stands on a level with the second story windows, and about twelve feet from them, and cuts off sunlight from the basement, parlor, and to a certain degree second-floor windows. The trains of cars, which stand about ten feet higher than the structure, cut off or interfere with all the light entering from the Amity street side, the basement, parlor and second-floor windows. They throw a flickering flashing light into these windows.

It was shown that the structure and its operations by the defendants interfered very materially with the easement of light and injured the value of the premises. Upon the trial the plaintiff abandoned his claim for damages to the easements of air and access, and rested his claim for compensation solely upon the damages to the easement of light as caused by the structure and operations of the railway. Judge BARRETT assessed the damages at $2,500, and directed judgment for that sum and costs.

*Edward S. Rapallo*, for the appellants.

*Inglis Stuart*, for the respondent.

Brady, J. :

The Court of Appeals in *Story* v. *New York Elevated Railroad Company* (90 N. Y. 122), as it is understood, determined that an abutting owner, for an injurious interference with, or interruption of light from the street, was entitled to remuneration.   It was an easement to the unobstructed enjoyment of which he was entitled. There are many cases cited in the prevailing opinion delivered in that case by Justice Danforth, illustrative and declarative of the rule.

The substantial objection urged with great zeal by the learned counsel for the defendants, is that the Legislature having the power, duly authorized the construction of the defendant's road, and the abutting owner, who does not own the fee of the street, cannot claim any compensation for any inconvenience resulting from the exercise of the right conferred, if the street still remains open and practicable for the ordinary use of the public.   But this proposition expressive though it may be in cases to which it is properly applicable, seemed to be formulated upon the dissenting opinion of Earl, J. in the Story case, although sustained by other citations.   Whatever may have been or may be the rule as to surface roads *per se*, that which governs the rights of the abutting owner from structures above the surface has been defined for this case by the adjudication to which reference has been made.

The issue, therefore, which was presented herein to the learned justice presiding at the trial was, whether the defendant's structure and its use invaded the realm of light which, in common with others belonged to the plaintiff, and diminished it.   Upon that subject the evidence may be said to have been in collision, if not in conflict, and, after due deliberation, to have been regarded as more favorable to the plaintiff.   This applies as well to the issue mentioned as to the amount of damages which should be awarded to the plaintiff for the deprivation to which he was subjected ; and as the evidence must be said to be sufficient to sustain both conclusions arrived at, the judgment cannot, on the questions of fact, be disturbed.   The rule of damages adopted, namely, the difference in value with the full and unobstructed use of the easement and the value without it, was the proper one. (*Matter of N. Y. C., etc., Co.*, 15 Hun, 63, 67, 69 ; *Matter of Lackawanna and W. R. R. Co.*, 29 id., 1 ; *N. Y., W. S. and B. Ry. Co.* v. *Sutherland*, 35 id., 260.)

These cases also establish the proposition that the operation of a road as an entirety must be considered in the estimate of damage and, therefore, the running of trains constitutes an essential part of it — indeed the most important — for without them it would be useless. Whatever interruption of light, therefore, they occasioned was a part of the interference arising from the structure and its uses and legitimately a part of the disturbing cause. (See, also, Story's case *supra*.) The evidence relating to them was properly received therefore.

The further proposition that judgment could not be given against both defendants for the reason that the structure was not used by the defendant, the Metropolitan Railway, after May 20, 1879, when it was leased to the defendant, the Manhattan Railway, is not regarded as sound. The first defendant named erected the structure and equipped it for use and subsequently leased it to the second defendant named, and thus continued the wrong complained of.

This case has been frequently examined, and although the extended, exhaustive and able brief of the appellant's counsel presents a fine field of refinements and invokes discussion, it is nevertheless simple, starting with the proposition that the obstruction of light may not be indulged in without affording proper indemnity. No error in its disposition has been discovered and the judgment must be affirmed with costs.

DANIELS, J., concurred.

Judgment affirmed, with costs.